E-FILED
Wednesday, 09 August, 2017  02:25:51 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| DENNIS D. FRISBY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-01359 |
| CCB CREDIT SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DENNIS D. FRISBY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CCB CREDIT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

PARTIES

4.   Plaintiff is a 48 year-old natural person residing at 171 Birch Street, East Peoria, Illinois, which falls within the Central District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant provides third-party debt collection services for clients ranging from automotive, utilities, communications, education, healthcare, and financial."[1] Defendant is registered at 5300 South 6th Street, Springfield, Illinois, and it regularly collects upon consumers in Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.    In the summer of 2017, Plaintiff began receiving calls to his cellular phone, (309) XXX-2246, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2246.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://ccbcreditservices.com/services/

11. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon a debt owed by an individual named "Quintarius Durkis."

12. Plaintiff is unfamiliar with any individual by that name, so he notified Defendant as such and demanded that it stop calling him.

13. Despite informing Defendant that it was calling the wrong person, as well as his demands that it cease contacting him, Defendant has continued to regularly call Plaintiff's cellular phone up until the date of the filing of this action.

14. Defendant mainly calls Plaintiff's cellular phone using the phone number (800) 473-7994, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above phone number ending in 7994 is regularly utilized by Defendant during its debt collection activity.

16. When Plaintiff answers calls from Defendant, he experiences a recorded message before a live representative appears on the line.

17. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being notified that it was calling the wrong person and to stop calling.

18. Due to the non-stop nature of these phone calls, Plaintiff even called Defendant back and reiterated his demands that it no longer contact him, as the calls were intended for an individual whom he is unfamiliar with.

19. Plaintiff has received not less than 13 phone calls from Defendant, seeking to collect upon this unknown individual.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21.  With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $56.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

22.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendant has been a member of ACA International, an association of credit and collection professionals, since 1943.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of FDCPA §1692b & c(b)**

---

[2] http://www.acainternational.org/search#memberdirectory

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named "Quintarius Durkis." Plaintiff even explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling him. At that point, Defendant had more than enough information to know that the number it was calling did not belong to any one named Quintarius. Armed with this knowledge, Defendant still continued to persistently call Plaintiff's cellular phone without his consent.

**b. Violations of FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

5

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff to collect upon a debt which was not owed by him, as well as after being notified to stop.  This repeated behavior of systematically calling Plaintiff after becoming privy to the fact that he was not the debtor was harassing and abusive.  Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

33. Furthermore, Defendant relentlessly called Plaintiff multiple times during the same day after being told to stop calling.  This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

34. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to him.

**c.  Violations of the FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling.  Nevertheless, Defendant called Plaintiff at least 13 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though he was not the debtor. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to

6

contact him via an automated system when not only did it not have consent to do so in the first place, but it was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by ceaselessly calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant asked to speak with "Quintarius Durkis," whom Plaintiff is unfamiliar with. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being informed of the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DENNIS D. FRISBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41.   Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The recorded message which Plaintiff experienced prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls.   In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44.   Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone.  Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with.   As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, Plaintiff explicitly revoked any consent by his demands to cease contact.

45. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, DENNIS D. FRISBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

49. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

50. The ICFA states:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

9

51.   Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so.  Defendant was attempting to contact an entirely different person that Plaintiff had no relationship with.   The fact that Defendant continued its onslaught of phone calls, even after being informed by Plaintiff that it was calling the wrong person and that he did not wish to be contacted, is illustrative of Defendant's unfair practice.

52. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Defendant is relentlessly calling for the wrong individual.

53.   The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

54.   The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

55.   As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on his cellular phone in an attempt to quell its phone calls.  As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.  An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.  Defendant was calling Plaintiff to speak with an unknown individual, as Plaintiff had no business relationship with Defendant.   Defendant had ample

reasons to be aware of the fact that it was calling the wrong person, but it still continued its campaign of phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer like Plaintiff.  Defendant contacted Plaintiff not less than 13 times seeking to collect upon this unknown third party.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, DENNIS D. FRISBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d.  Enjoining Defendant to cease contacting Plaintiff; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 9, 2017                Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

11